## COMMISSIONER OF REVENUE *vs.* DEMOULAS SUPER MARKETS, INC.

Suffolk. November 6, 1991. - March 11, 1992.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Commissioner of Revenue. Taxation,* Commissioner of Revenue. *Administrative Law,* Summons.

General Laws c. 14, § 3, authorizes the Commissioner of Revenue to delegate his power to issue administrative summonses to any official of the Department (including the chief of the department's criminal investigation bureau) and, furthermore, nothing in the language of G. L. c. 62C, § 70, suggests that the Legislature intended to limit the summons authority to the Commissioner, nor does anything in c. 14, § 3, require that the Commissioner delegate his powers restrictively on a case-by-case basis. [183-186]

A Superior Court judge correctly ordered the enforcement of an administrative summons issued by the chief of the Department of Revenue's criminal investigation bureau during an investigation to determine whether a certain taxpayer had filed fraudulent returns, where there was nothing in the record to suggest that the department was accumulating evidence beyond that which was necessary to make a determination whether fraud had occurred and where the summons, which was duly issued by the department, had not been objected to as overbroad or unduly burdensome. [186-187]

CIVIL ACTION commenced in the Superior Court Department on March 6, 1990.

The case was heard by *Elizabeth B. Donovan,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Deborah A. Tootalian* for the defendant.

*Robert A. Carleo, Jr.* (*Kerry Lyn Eadie* with him) for the Commissioner of Revenue.

LIACOS, C.J. This appeal presents the issue whether a judge of the Superior Court correctly ordered the enforce-

ment of an administrative summons issued by the chief of the Department of Revenue's criminal investigation bureau[1] to the keeper of the records of appellant, Demoulas Super Markets, Inc. (Demoulas). Demoulas contends that the summons is unenforceable because it was issued pursuant to an unlawful delegation of the summons power granted to the Commissioner of Revenue in G. L. c. 62C, § 70 (1990 ed.), and because it was issued for the sole purpose of conducting a criminal investigation.[2] We conclude that there was no error in the issuance of the order.

The essential facts are as follows. In the spring of 1989, the Department of Revenue began an investigation into potential criminal violations of the tax laws of the Commonwealth by Evan G. Demoulas (taxpayer), Demoulas' controlling shareholder. In connection with this investigation, the criminal investigation bureau (CIB) issued an administrative summons, dated June 14, 1989, to D. Harold Sullivan, an employee of Demoulas. The June 14 summons (which is not at issue in this case) commanded Sullivan to appear before a CIB investigator and to produce certain financial records pertaining to the taxpayer. In response to the summons, counsel for Demoulas, who also represented Sullivan, wrote to the CIB investigator indicating that Sullivan would not comply with the summons because it was issued for the sole purpose of gathering evidence to support a criminal investigation. The Department of Revenue took no further action to enforce the June 14 summons.

On June 27, 1989, a CIB investigator, David M. Mazzarella, notified the taxpayer by mail of the pending investigation. Mazzarella wrote that "[t]he Criminal Investigations Bureau is conducting an investigation to determine whether or not criminal violations of the Massachusetts tax laws have been committed. Possible violations center around your filing of Massachusetts non-resident income tax returns for the

---

[1] The order has been stayed pending this appeal.

[2] The parties raise no Federal or State constitutional issues in this appeal.

years 1986 and 1987." Mazzarella's letter further stated that "[p]rior to a decision being made in this matter, you are granted an opportunity for a[n] interview relative to this investigation."

On September 20, 1989, the CIB issued a second administrative summons in connection with its investigation. This summons, issued by the chief of the CIB, Frederick L. Colbert, commanded the keeper of the records at Demoulas to appear at the CIB and to produce "[a]ny and all records in the name of Evan G. Demoulas . . . for the periods beginning January 1, 1985 through December 31, 1988." On receipt of the summons, counsel for Demoulas again wrote to the CIB and reiterated his position that Demoulas would not comply with an administrative summons issued solely for the purpose of furthering a criminal investigation. Thereafter, on March 6, 1990, the Commissioner brought an action in the Superior Court pursuant to G. L. c. 62C, § 70, to enforce the September 20 summons.

A hearing was held in the Superior Court on March 21, 1990, and, on March 23, 1990, a Superior Court judge issued an order enforcing the September 20 summons. Relying on *Donaldson* v. *United States*, 400 U.S. 517 (1971), the judge ruled that "the use of an administrative summons by a criminal investigator is appropriate unless the sole purpose of the summons is the furtherance of a criminal investigation." In determining whether the sole purpose of a summons is to further a criminal investigation, the judge ruled, the "central inquiry is whether a showing can be made that the Department of Revenue has institutionally rejected any civil proceeding." See *United States* v. *LaSalle Nat'l Bank*, 437 U.S. 298, 316-317 (1978). Applying this standard, the judge found that the Department of Revenue had not ruled out a civil proceeding regarding the taxpayer. Accordingly, the judge ordered the keeper of the Demoulas records to comply with the summons. Demoulas appealed to the Appeals Court. We transferred the case on our own motion.

1. *Commissioner's power to delegate summons authority.* Demoulas argues that the summons is unenforceable because

it was issued by the chief of the CIB rather than by the Commissioner of Revenue himself. Demoulas contends that the power to issue summonses granted to the Commissioner under G. L. c. 62C, § 70, is nondelegable.

Pursuant to G. L. c. 14, § 3 (1990 ed.), the Commissioner may "authorize any official of the department to exercise in his name *any power* or to perform in his name *any duty* which is assigned to him by *any provision of law*" (emphasis supplied). On its face, this provision authorizes the Commissioner to delegate his power to issue summonses, as that power is one which is assigned to him by law. See G. L. c. 62C, § 70. Nevertheless, Demoulas argues that G. L. c. 62C, § 70, which states that "[t]he commissioner may . . . issue summonses" reveals that the Legislature intended to limit the summons authority to the Commissioner. In support of this argument, Demoulas points out that in other sections of c. 62C, namely § 24 and § 27, the Legislature authorized the Commissioner "or his duly authorized representative" to exercise the powers enumerated therein. See G. L. c. 62C, §§ 24, 27 (1990 ed.). Thus, Demoulas claims that the absence of similar language providing for delegation by the Commissioner in G. L. c. 62C, § 70, reveals the Legislature intended the Commissioner's summons authority to be nondelegable. We disagree.

Nothing in the language of G. L. c. 62C, § 70, suggests that the Legislature intended to limit the summons authority to the Commissioner. The fact that § 70, unlike G. L. c. 62C, §§ 24 & 27, omits language authorizing the Commissioner's "duly authorized representative" to exercise the power enumerated therein does not affect our view. At the time § 70 was enacted in 1976, see St. 1976, c. 415, § 22, the authority of the Commissioner to delegate his powers under G. L. c. 14, § 3, was well established.[3] We assume that the Legislature was aware of this broad delegation power at the time it authorized the Commissioner to issue summonses under § 70.

---

[3]The present version of G. L. c. 14, § 3, is derived from a version of the statute which was originally enacted in 1953. See St. 1953, c. 654, § 1.

See *Hadley* v. *Amherst*, 372 Mass. 46, 51 (1977). See also *Assessors of Melrose* v. *Driscoll*, 370 Mass. 443, 447 (1976). Moreover, where the Legislature has sought to limit the Commissioner's authority to delegate the powers granted to him in G. L. c. 62C, §§ 1 et seq. (1990 ed.), it has done so expressly. See G. L. c. 62C, § 37A (Commissioner may not delegate his power to settle tax liability). In the absence of any such express limitation in G. L. c. 62C, § 70, we conclude that the broad grant of authority provided by G. L. c. 14, § 3, authorizes the delegation at issue here.

Demoulas argues, in the alternative, that if we conclude that G. L. c. 14, § 3, authorizes the Commissioner to delegate his summons power we should construe this authorization narrowly and require that the Commissioner make each delegation on a case-by-case basis. Nothing in the language of G. L. c. 14, § 3, supports such a restrictive interpretation. Compare *Commonwealth* v. *Vitello*, 367 Mass. 224, 256-257 (1975) (provision in Massachusetts "wiretap statute" authorizing "specially designated" assistant district attorneys to perform certain functions requires case-by-case designation of special assistants by district attorney). We reject Demoulas' argument that the language in G. L. c. 14, § 3, which provides that the Commissioner may delegate his power "from time to time," requires the Commissioner delegate his powers on a case-by-case basis. Such a construction would limit unduly the Commissioner's authority to delegate any of his powers. There is nothing in the statutory scheme to warrant the conclusion that the Legislature intended such a severe limitation.

. Finally, Demoulas argues that some limitation on the Commissioner's delegation authority is necessary in order to prevent Department of Revenue investigators from abusing the summons power and summoning taxpayers for improper purposes or without good cause. This concern is misplaced, however, because the summonses issued by the Department of Revenue are not self-executing. In order to enforce a summons, the Commissioner must obtain an enforcement order in the Superior Court or from a single justice of this court.

See G. L. c. 62C, § 70. A taxpayer who believes that the summons power is being abused, or that it is being exercised in violation of the requirements of G. L. c. 62C, § 70, can raise that objection at an enforcement hearing. See *Reisman* v. *Caplin*, 375 U.S. 440, 449 (1964).

2. *Use of summons to investigate potential criminal violations of the tax laws.* Demoulas argues that the summons at issue in this case is unenforceable because it was issued for the sole purpose of furthering a criminal investigation. Demoulas purports to find support for this argument in *Donaldson* v. *United States*, 400 U.S. 517, 536 (1971), wherein the United States Supreme Court held that a summons issued under the then existing version of § 7602 of the Internal Revenue Code could be issued in aid of an investigation if it is issued in good faith and prior to recommendation for criminal prosecution. See also *United States* v. *LaSalle Nat'l Bank*, *supra* at 316. The Appeals Court has cited this Federal approach with approval. *Commissioner of Revenue* v. *Boback*, 12 Mass. App. 602, 606-607 (1981).[4] Assuming, without deciding, that we would embrace this doctrine on a proper factual record, Demoulas' arguments avail it no relief here.

The record in the present case reveals that, at this juncture, the Department of Revenue is conducting an investigation to determine whether a taxpayer has filed fraudulent tax returns. The taxpayer is not under indictment, compare *United States* v. *O'Connor*, 118 F. Supp. 248, 250 (D. Mass. 1953), nor is there any evidence that the Attorney General or any other prosecutorial agency is involved in the investigation. Compare *United States* v. *Educational Dev. Network Corp.*, 884 F.2d 737, 741 (3d Cir. 1989). Moreover, there is nothing in the record to suggest that the Department of Revenue is accumulating evidence beyond that which is necessary to make a determination whether fraud has occurred. See *LaSalle*, *supra* at 316-317. Rather, the record reveals only that at the present time the Department suspects that

---

[4]Demoulas cites no Massachusetts decisions to the contrary.

the taxpayer may have filed fraudulent returns. Whether the Department decides to pursue criminal charges under G. L. c. 62C, § 73, or civil penalties under G. L. c. 62C, § 28, or both, will necessarily depend on the results of the Department's investigation. On this record, we conclude that the summons, which was duly issued by the Department, and which has not been objected to as overbroad or unduly burdensome, was properly ordered to be enforced.

3. *Conclusion.* The order of the Superior Court is affirmed. The stay issued pending this appeal is to be vacated on receipt of rescript.

*So ordered.*